IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN WADE HILL,<br><br>         Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | No. CV-F-09-121 OWW<br>(No. CR-F-02-5368 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On January 16, 2009, Petitioner Derwin Wade Hill, proceeding *in pro per*, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1]

---

[1] Petitioner is also referred to as Derwin Wade McCowan in pleadings in the criminal action and before the Ninth Circuit. By minute order filed on October 31, 2002, the Court found that Petitioner's true name is Derwin Wade Hill.
   On September 2, 2008, Petitioner, then proceeding *in pro per*, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) - crack cocaine. Assistant Federal Defender David M. Porter was appointed to represent Petitioner in connection with the Section 3582(c)(2) motion. The hearing on the Section 3582(c)(2) motion is set for February 2, 2009. Petitioner's Section

Petitioner was charged with possession with intent to distribute cocaine base. Petitioner was found guilty by jury trial and sentenced to 292 months incarceration and 120 months of supervised release. Petitioner appealed his conviction and sentence. Petitioner's conviction was affirmed but the Ninth Circuit remanded for resentencing pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005). On remand, Petitioner was sentenced to 262 months incarceration and 120 months supervised release. Petitioner appealed his sentence and the Ninth Circuit affirmed.

Petitioner contends that he was denied the effective assistance of counsel when counsel failed to raise certain specified issues. *See discussion infra*.

A. <u>Governing Standards</u>.

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other. *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

---

3582(c)(2) motion argues that the Speedy Trial Act was violated and that the District Court erred in considering Petitioner's prior convictions in imposing sentence.

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689. The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 690-691. "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989). A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not

3

ineffectiveness.  *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.  "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*  "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.*  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.* at 694.

B.  <u>Ground One</u>.

Petitioner asserts as Ground One:

> <u>GROUND ONE</u>: Speedy Trial Act; 18 U.S.C. section 3161(c)(1)
>
> Movant requested a speedy trial from the begining [sic]; Court extended time without proper hearing with Movant present.  Once the Court held a hearing and AUSA did not show.  Court allowed extentions [sic] of time for issues which had no effect on case.  Movant was not allowed to object on any request to extend time.

Petitioner contends that he was denied the effective assistance of counsel because of counsel's failure to object to continuances requested by the Government.  Petitioner asserts

4

that he was arraigned on the superseding information on November 7, 2002.  The Court conducted a status hearing on November 12, 2002 and set a motions schedule with a hearing date of December 16, 2002, excluding time from November 12, 2002 to December 16, 2002.  On December 16, 2002, the Court set another motions schedule with a hearing date of February 10, 2003, excluding time from December 16, 2002 to February 10, 2003.  By Stipulation and Order filed on February 7, 2003, the parties extended the motions schedule and set the hearing date for April 7, 2003, with time being excluded from February 6, 2003 to April 7, 2003.  By minute order filed on February 10, 2003, the Court set a motions schedule with a hearing date of March 10, 2003, excluding time from February 10, 2003 to March 10, 2003.  On April 1, 2003, Petitioner's counsel filed a motion to suppress evidence, setting the motion for hearing on April 7, 2003.  The Court's Courtroom Deputy advised that the evidentiary hearing for the motion to suppress could not take place on April 7, 2003 and reset the hearing for April 9, 2003.  At the April 8, 2003 hearing, no appearance was made by AUSA Montoya; the evidentiary hearing was reset for April 22, 2003 and time was excluded from April 9, 2003 to April 22, 2003.  On April 24, 2003, the hearing on the motion to suppress was continued to May 6, 2003 with no time being excluded.  On May 6, 2003, Petitioner's motion to suppress was granted.  At the May 6, 2003 hearing, the Court asked AUSA Montoya and Federal Defender Zepeda to set a trial date.  Ms. Zepeda advised the Court that Petitioner wanted to go to trial.

A discussion of the Speedy Trial Act ensued and the Court concluded that only eight days were left on the Speedy Trial clock.  Ms. Zepeda advised the Court that Petitioner wanted to go to trial the following week even though Ms. Zepeda did not believe she would be ready for trial.  The Court gave Ms. Zepeda time to provide legal authority that Petitioner's trial could be set beyond the eight day period.  The Court set the trial for May 13, 2003.  A hearing was held on May 8, 2003 concerning the Speedy Trial Act.  The Court reviewed all of the record and concluded that the Speedy Trial Act did not expire as concluded at the May 6, 2003 hearing and set the jury trial for June 10, 2003, ruling that the June 10, 2003 trial date was at least 20 days within the time limit of the Speedy Trial Act.  Both AUSA Montoya and Ms. Zepeda agreed with the Court's calculation of the Speedy Trial Act.

Petitioner contends that "the government's pending (and relatively unimportant) pretrial motion could not serve as a basis for exclusion for the period of October 30th, 2002 to June 10, 2003" and that "[a]s the government's motion was the basis for exclusion during this time frame, which exceeds 70 days, Movant was therefore denied his right to a speedy trial."

Petitioner's contention is misplaced.  The motions schedule set by the Court and continued by the Court was to enable the filing of defense motions.  The Government did not file any motions in the case until the June 10, 2003 trial date was set.

Petitioner cites *Zedner v. United States*, 547 U.S. 489

(2006).  In *Zedner*, the Supreme Court ruled that a defendant may not prospectively waive the Speedy Trial Act "for all time" without compliance by the District Court with requirements of Section 3161(h)(8).

*Zedner* does not apply because there was no blanket waiver by Petitioner of the Speedy Trial Act.  The record establishes that exclusions of time under the Speedy Trial Act were made throughout the pretrial proceedings for very specific reasons that were stated for the record at the time of each exclusion.

Petitioner contends that Ms. Zepeda was ineffective because of her failure to object to the continuances, "which was not in the best interest of Movant's request for Speedy Trial."

Petitioner has not demonstrated ineffective assistance of counsel on this ground.  The record establishes that the requested continuances were for valid reasons and that, with the exclusions permitted by the Speedy Trial Act, the Speedy Trial Act was not violated.  Ms. Zepeda reasonably could have decided not to move to dismiss the Superseding Indictment based on an asserted violation of the Speedy Trial Act because the dismissal would most likely have been without prejudice, enabling the Government to re-indict Petitioner.

C.  <u>Grounds Two and Four</u>.

Petitioner asserts as Grounds Two and Four:

> <u>GROUND TWO</u>: Impeachment of testimony of officer Cardinale.
>
> Officer Cardinale lied either before the Grand Jury (see grand jury minutes) where he

> stated he could not hear what was said on the 4 phone calls made by informant to Mr. Hill; or did Officer Cardinale lie in his testimony under oath. When he testified he could only hear bits and pieces of the conversation. Higher courts have ruled informants are not law officers. If the informant told Officer Cardinale what was said, then informant is the accuser and failed to testify at trial, a violation of Movant's constitutional right to face accuser. The jury also was unable to hear the accuser.
>
> GROUND FOUR: Movant's Constitutional rights were violated when Movant was not advised or given the opportunity to confront the accuser.
>
> The Upper Courts have held the Counsel of Movant, should have been aware of these issues, and raised them before the Court. Hearsay testimonial evidence proves the informant was paid to set Movant up in this case. Informant retained no recorded messages, nor did any officers retain any recording or did any officer hear any conversation between Movant and informant. Nor was Movant's only accuser allowed to testify before the jury as the higher courts have ordered.

Petitioner asserts ineffective assistance of counsel because of counsel's failure to object to the failure to call the informant as a witness during trial, thereby violating Petitioner's right of confrontation.

Presumably, Petitioner refers to *Crawford v. Washington,* 541 U.S. 36 (2004). In *Crawford*, the Supreme Court held that the Government cannot introduce testimonial evidence against a criminal defendant where the declarant is unavailable at trial and there was no opportunity for cross-examination at the time the prior testimony was given.

At Petitioner's October 16, 2006 sentencing after remand, Petitioner personally addressed the Court and complained:

> Plus in my trial, I was not allowed to confront any of the testimonial evidence by a CI that was used to convict me under *U.S. versus Crawford*, 2004. My constitutional rights were violated when I was not advised or given the opportunity to confront the CI's testimony evidence, which is case law, your Honor.

Although Petitioner appealed his sentence, Petitioner did not raise *Crawford* error on appeal. *Crawford* is not retroactively applicable in federal habeas proceedings. *Whorton v. Bockting*, 549 U.S. 406 (2007).

Further, the Court has reviewed the transcript of the jury trial. The transcript establishes that Petitioner's defense counsel, Ms. Zepeda, objected on hearsay grounds to Detective Cardinale's references to the statements of the confidential informant and the Court sustained the objections, repeatedly admonishing and instructing the jury that the confidential informant's statements were not to be considered for the truth of the matter but for purposes of describing the underlying criminal investigation and the officer's responses to the information. No *Crawford* error occurred: "The [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, *supra,* 549 U.S. at 51 n.9; *See also Whorton v. Bockting*, ___ U.S. ___, 127 S.Ct. 1173, 1193 (2007)(*Crawford* 'eliminat[es] Confrontation clause protection against the admission of unreliable out-of-

court non-testimonial statements" and "the Confrontation Clause has not application to such statements and therefore permits their admission even if they lack indicia of reliability.")

 D.  Ground Three.

Petitioner asserts as Ground Three:

> GROUND THREE: Movant's conviction of cocain-base [sic] failed to prove in a Lab test the form of cocain-base [sic], and the actual amount, if any.
>
> The Upper Courts have ruled that drug type amount, and exactness, are to be pleaded and proven to a jury.  In this instant case Movant was convicted of cocain-base [sic], which has 3 different forms.  The Lab failed to report the ingredients that make up 'crack' cocaine base.  Nor the content of the cocaine-base type concerning how much true drug there actually was.  Buckland requires that the drug type be pleaded and proven to a jury.  This did not take place in my case.

Petitioner's claim of ineffective assistance of counsel on this ground is without merit.

The Superseding Indictment charged Petitioner with knowingly and intentionally possessing with the intent to distribute 50 grams or more of a mixture containing cocaine base.  The jury found that the quantity of cocaine base involved in the offense was 50 grams or more of a mixture containing cocaine base.  On appeal, the Ninth Circuit rejected Petitioner's contention that the District Court calculated Petitioner's base offense level and adjudged him to be a career offender in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005):

> We reject the appellant's contentions. The district court erred by making an extra-verdict finding as to drug quantity, but that error did not affect the sentence. The district court relied on McCowan's [sic] status as a career offender in determining his base offense level under the Guidelines. *See United States v. Von Brown*, 417 F.3d 1077, 1079 (9th Cir.2005)(per curiam).

*United States v. McCowan*, 2005 WL 3249936 (9th Cir.2005).

In *United States v. Hollis*, 490 F.3d 1149, 1156 (9th Cir.2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 1120 (2008), the Ninth Circuit held, as a matter of first impression, that an indictment must charge the jury to find "crack" in order to trigger the enhanced penalties associated with cocaine base. Although the *Hollis* court found that *Apprendi* error had occurred in the case, it concluded that the error was harmless because of the overwhelming and uncontradicted evidence at trial that the substance Hollis distributed was crack. *Id.* at 1157.

The same conclusion applies here. Even if counsel was ineffective by failing to move for dismissal of the Superseding Indictment on the ground that it did not allege or require the jury to find that the cocaine base was "crack," the evidence in this case is overwhelming that the cocaine base at issue was crack.

For the reasons stated:

1. Petitioner Derwin Wade Hill's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

1  IT IS SO ORDERED.

2  **Dated:    January 27, 2009**              /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE